THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TERRENCE BARBER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 08-cv-6363 |
| | ) | |
| v. | ) | |
| | ) | Honorable Judge Darrah |
| P.O. Michael Malaniuk (#11652), | ) | |
| P.O. Michael Shields (#5951), | ) | Magistrate Judge Keys |
| individually and THE CITY OF | ) | |
| CHICAGO | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSES TO PLAINTIFF'S SUPPLEMENTAL MOTIONS *IN LIMINE*** 

Defendants, City of Chicago, Michael Malaniuk, and Michael Shields, by and through their attorneys, Johnson & Bell, Ltd., for their responses to Plaintiff's Motions *in Limine*, state the following:

**Motion # 5 – Plaintiff's History of Alcohol Use**

Plaintiff's first supplemental motion seeks to bar defendants from arguing or implying that "Plaintiff has, or had, a drinking or alcohol problem." (Motion, p. 2). This motion, given the facts of the case at bar, is extremely overbroad and inappropriate. It is impossible to separate Plaintiff's use of alcohol on the date of the incident in question from the facts of this case. Plaintiff, as acknowledged in his motion, made a statement to the arresting officers on the date of the incident that he had been "drinking Martell all day." Additionally, the Defendants made numerous observations about the Plaintiff that led them to believe he was intoxicated on the date of the incident, not the least of which was the fact that Plaintiff fell on his face, which caused the injury that he now seeks to pin on the Defendants at trial. By barring any reference to the

Plaintiff's use of alcohol, and the evidence of his intoxication, the Plaintiff seeks to deprive the jury of crucial information that is necessary for it to make a fully informed decision about this case.  In *Wilson v. Groaning*, an excessive force case, plaintiff appealed the district court's decision to exclude evidence about the plaintiff's actions immediately prior to the alleged use of excessive force by the defendants.  25 F.3d 581 (7th Cir. 1993).  The Court of Appeals affirmed the denial of the plaintiff's motion to exclude, reasoning that, "evidence is relevant if its exclusion would leave a chronological and conceptual void in the story." *Id.* at 584.  The Court further explained that, "leaving out this evidence would have left the jury with an unduly sanitized and incomplete version of the facts." *Id.*  The same can be said here about the evidence the Plaintiff seeks to bar relating to Plaintiff's use of alcohol.  An order barring this evidence leaves the jury with only part of the story, and is therefore improper.

In response to plaintiff's arguments regarding prejudice, FRE 403 does not mandate, or even allow, the exclusion of evidence because it is prejudicial.  It is only *unfair* prejudice, *substantially* outweighing the probative value of the evidence that will allow for exclusion under this rule.  *Wilson v. Groaning,* 25 F.3d 581, 585 (7th Cir. 1993); *Young v. Rabideau*, 821 F.2d 373, 377 (7th Cir. 1986).

It is well settled that evidence may be excluded on a motion *in limine* only when it is inadmissible on all potential grounds. *Townsend v. Benya,* 287 F.Supp.2d 868, 872 (N.D. Ill. 2003). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Techs., Inc.,* 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). Thus, the party moving to exclude evidence *in limine* has the burden of establishing the evidence is not admissible for any purpose. *Robenhorst v. Dematic Corp.,* 2008 U.S. Dist. LEXIS 32842 at

*3 (N.D. Ill. April 22, 2008). Plaintiff has failed to establish this burden, and the motion should therefore be denied.

### Motion # 6 – Plaintiff's Marijuana Use

Plaintiff's next motion seeks to bar the Defendants from mentioning, commenting on, or referring to "the fact that the Plaintiff has smoked marijuana." (Motion, p. 2). Plaintiff's motion fails to provide the Court with all of the facts about the Plaintiff's deposition testimony about his use of marijuana and how it relates to this case. Plaintiff was not simply questioned at his deposition about general use of marijuana, and he did not simply testify that he, generally, had used marijuana before, as the motion implies. Actually, Plaintiff was asked the following questions about the medical treatment he received for the injuries he allegedly suffered at the hands of the Defendants, and gave the following answers:

> Q: All right, you took some ibuprofen that you could buy at the drugstore?
>
> A: Yes.
>
> Q: Did you take any other medicine for those injuries?
>
> A: Not really. I just smoked marijuana a little bit to get rid of the headache.
>
> Q: Ok, other then the ibuprofen and the marijuana, did you ever take anything else for your injuries?
>
> A: No.
>
> Q: All right. This is going to sound like a silly question. But no doctor ever told you you should smoke marijuana for your injuries, right?
>
> A: Yeah.

(Plaintiff's Deposition, attached hereto as Exhibit A, p. 124, lines 3-18). These answers were not given by the Plaintiff in response to questions about his previous drug use; rather he admitted

marijuana use in response to questions about medical treatment for his injuries. As evidenced by this testimony, Plaintiff has admitted that, to treat the injuries he claims the police inflicted upon him, he smoked marijuana. This is obviously relevant under the Federal Rules as it relates to the Plaintiff's claims of damages. Plaintiff will likely testify that he was injured by the Defendants, received medical treatment for those injuries, and that he still, almost six years since the incident, suffers health problems that he attributes to the injuries allegedly caused by the Defendants. He will claim that these injuries were significant, and that he is entitled to financial compensation for these injuries. In the face of that testimony, it would be extremely prejudicial to bar the Defendants for challenging those claims by asking him questions about the above cited testimony and his decision to treat himself with marijuana for his injuries.

Again, as stated above in response to plaintiff's arguments regarding prejudice, FRE 403 does not mandate, or even allow, the exclusion of evidence because it is prejudicial. It is only *unfair* prejudice, *substantially* outweighing the probative value of the evidence that will allow for exclusion under this rule. *Wilson v. Groaning,* 25 F.3d 581, 585 (7th Cir. 1993); *Young v. Rabideau*, 821 F.2d 373, 377 (7th Cir. 1986). The probative value of this evidence, as it relates to damages, is obviously very high, and it clearly outweighs any prejudice that the Plaintiff, frankly, has brought upon himself by self medicating himself in this way and then openly admitting it during his deposition. They jury must hear this evidence to allow for a full and fair trial on the merits of the case, and to allow them to make a fully informed decision, with all of the facts, following the trial. As a result, the motion *in limine* should be denied.

                                                Respectfully submitted,

                                                */s/ Brian P. Gainer*
                                                One of the Attorneys for the Defendants

Richard B. Levy
Brian P. Gainer
Johnson & Bell, Ltd.
33 W. Monroe, Suite 2700
Chicago, Illinois   60603
(312) 372-0770  (Phone)
(312) 372-9818  (Facsimile)